## BARNEY BRIGHT v. STATE.

No. A-8063.   Aug. 21, 1931.
Rehearing Denied Sept. 5, 1931.
(2 Pac. [2d] 600.)

Morris & Wilhite, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted of having possession of mash fit for distillation, and sentenced to pay a fine of $250, and be imprisoned in the county jail for six months, and has appealed. The testimony on behalf of the state in substance is that on March 9, 1929, the sheriff and his deputies went on a tract of land with a search warrant, and searched the barn and premises leased and controlled by the defendant. They found ten barrels of mash, some empty barrels, and a copper cooker and some other articles. The officers stated the articles were such as could be used in a still.

The defendant admitted that he had possession of the premises in question; that he had been keeping some cattle on the premises; that he had some hay in the chicken house near the barn. The defendant denied any knowledge or ownership of the cooker or the articles the officers claim they found that could be used as a still, and denied he had anything to do with the mash in question or the barrels found by the officers. The defendant stated that a man by the name of Smith had been occupying the house on the lease near the barn where the mash was found. Smith was not called as a witness. The defendant's home was about a mile from the place where the officers claim they found the mash.

The defendant further testified that he had not been on the premises for some weeks prior to the finding of the distillery and the mash. The state offered some testimony tending to show that the defendant was on the leased premises the day prior to the day the officer found the mash. The testimony further shows that the other parties charged with the defendant had been tried and acquitted. There is no positive testimony connecting de-

fendant with the crime for which he was tried and convicted. All of the testimony of the state is circumstantial.

Several errors have been assigned by defendant as grounds for reversal. The only errors deemed necessary to consider are the first and sixth assignments, which are as follows:

"1. Said court erred in overruling the motion of the plaintiff in error for a new trial.

"6. The verdict and judgment are cruel and excessive."

It is urged by the defendant that the testimony is insufficient to sustain the judgment, citing in support of his contention paragraph 6 of section 2754, C. O. S. 1921, which requires the granting of a new trial where the verdict is contrary to the evidence. In this case the jury by its verdict found there was sufficient testimony to convict. This court has passed upon this question repeatedly and held that, where there was any competent evidence from which the jury could reasonably and logically find the defendant guilty, though conflicting or such that different inferences may reasonably be drawn therefrom, it would not substitute its judgment on the question of fact or weight of the evidence for that of the jury. Shields v. State, 32 Okla. Cr. 344, 240 Pac. 661.

In Tennison v. State, 32 Okla. Cr. 257, 240 Pac. 323, this court held:

"Where the evidence is conflicting, and that in behalf of the prosecution such that if believed by the jury a verdict of guilty should result, a judgment of conviction will not be reversed on the ground that the verdict is contrary to the evidence."

The evidence in this case is sufficient to sustain the

judgment. The court properly instructed the jury as to the law of circumstantial evidence and the facts as shown by the record. So far as the record in this case shows, this is the first time the defendant has been charged with a crime. Considering all the circumstantial evidence and the facts surrounding the same, it appears that the verdict of the jury is excessive, and that the ends of justice would be properly met by a modification of the sentence to a fine of $150, and three months in jail, and, as modified, the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.